Rabin, Acting P. J., Hopkins, Benjamin and Munder, JJ., concur.

■ In the Matter of JEROME A. AMBRO, JR., et al., Respondents, v. FRANK COVENEY et al., Constituting the Board of Elections of the County of Suffolk, Respondents, and JAMES HARTNETT, Appellant.

Christ, Brennan, Rabin
and Hopkins, JJ., concur; Beldock, P. J., concurs in granting leave to appeal to the Court of Appeals, but otherwise dissents and votes to reverse the judgment and to grant leave to petitioners to reply to the answer, with the following memorandum: In my opinion, the service by appellant upon the attorney for petitioners, within the statutory period, of the notice of cross motion and the answer to the petition, wherein appellant demanded affirmative relief, entitled him to an adjudication on the merits. This right to such adjudication, by virtue of the joinder of issue and the nature of the pleadings before the court, could not be destroyed by petitioners' unilateral action in moving to withdraw the petition to the prejudice of appellant. In light of the changes made by the Civil Practice Law and Rules, particularly with respect to the liberalization of practice in special proceedings (CPLR 402), it is my view that *Matter of Tuomey* v. *Cohen* (296 N. Y. 628), which was decided under the former Civil Practice Act, is distinguishable and may no longer be deemed controlling.